FILED ___ LODGED
___ RECEIVED ___ COPY

JUL 1 8 2017

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ M DEPUTY

**REDACTED FOR PUBLIC DISCLOSURE**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Erik Allen Ketelaar,<br><br>　　　　　Defendant. | CR-17-00975-PHX-DJH(MHB)<br><br>**INDICTMENT**<br><br>VIO:　18 U.S.C. § 1341<br>　　　(Mail Fraud)<br>　　　Counts 1-7<br><br>　　　18 U.S.C. § 1028A<br>　　　(Aggravated Identity Theft)<br>　　　Counts 8-13<br><br>　　　18 U.S.C. § 1343<br>　　　(Wire Fraud)<br>　　　Counts 14-24 |

THE GRAND JURY CHARGES:

At all times material to this indictment, within the District of Arizona and elsewhere:

**INTRODUCTION**

1.　Defendant ERIK ALLEN KETELAAR ("KETELAAR") was a Certified Public Accountant and tax return preparer.

2.　The regulations governing practice before the Internal Revenue Service ("IRS") are set forth in 31 C.F.R., Subtitle A, Part 10, and detailed in IRS Circular 230 (Revised as of August 2, 2011).　The Secretary of the Treasury is granted authority to regulate the practice of representatives of persons before the Department of the Treasury pursuant to 31 U.S.C. § 330.　The IRS Office of Professional Responsibility has responsibility for matters related to practitioner conduct and discipline.　The establishment

of who may practice before the IRS is set forth in 31 C.F.R. § 10.3. One category of persons authorized to practice therein is Certified Public Accountants ("CPA").

3. Defendant KETELAAR owned and operated Tio Sam Taxes, LLC ("TST, LLC"), with five offices located in Phoenix and Mesa, Arizona. Generally, TST, LLC, offered tax return preparation services without requiring payment from clients at the time of the preparation and filing of State and Federal income tax returns. TST, LLC, also offered free preparation and filing of Individual Taxpayer Identification Numbers ("ITIN"). An ITIN is a nine-digit number issued by the IRS to individuals who are required for U.S. tax purposes to have a U.S. taxpayer identification number but who do not have, and are not eligible to obtain, a social security number ("SSN"). In order to operate TST, LLC, defendant KETELAAR ultimately employed persons as branch managers and tax return preparers at each location.

4. Defendant KETELAAR owned and operated Tio Sam Check Cashing, LLC ("TSCC, LLC"), in Phoenix, Arizona. This entity was located within a Tio Sam Taxes, LLC, office in Phoenix, Arizona. Initially, this entity was established as a "money service business" in order to allow defendant KETELAAR the ability to offer Tio Sam Taxes, LLC, clients the opportunity to cash Federal and State income tax refund checks.

5. Defendant KETELAAR owned and operated Tio Sam DD, LLC ("TSDD, LLC"), in Phoenix, Arizona. Initially, this entity was also established as a "money service business" in order to allow defendant KETELAAR the ability to offer Tio Sam Taxes, LLC, clients the opportunity to cash Federal and State income tax refund checks. This entity was not located within a Tio Sam Taxes, LLC. In order to operate this entity, defendant KETELAAR ultimately employed a manager and other persons as clerks.

6. Defendant KETELAAR owned and operated Ketelaar Accounting, PLLC ("KA, PLLC"), in Scottsdale, Arizona. Generally, this entity was established as a Certified Public Accounting firm that sought to cater to clients in need of complex tax preparation and other accounting services. In order to operate this entity, defendant KETELAAR

employed persons involved in marketing, sales, bookkeeping and clerical functions.

7. Defendant KETELAAR established and operated TST, LLC; TSCC, LLC; TSDD, LLC; and KA, PLLC, in furtherance of a scheme to defraud his clients and the IRS by: (1) causing his tax return preparation clients' Federal and State income tax refunds to be electronically deposited into bank accounts defendant KETELAAR controlled, and then retaining the refunds for his own purposes, and (2) by causing his tax return preparation clients' Federal and State income tax refunds check to be mailed to locations he controlled in order to fraudulently endorse the checks, cash them and retain the refunds for his own purposes. In order to cash the checks in this manner, defendant KETELAAR used various and sophisticated means related to the operation of TSDD, LLC, a money service business.

8. With respect to requesting the payment of federal income tax refunds, the instructions for line 21 of the 2013 IRS Form 1040X, Amended U.S. Individual Income Tax Return, state "Note. You will receive a check for any refund due to you. A refund on an amended return cannot be deposited directly to your bank account."

9. With respect to requesting the payments of federal income tax refunds, the instructions for lines 74a though 74d of the 2013 IRS Form 1040, U.S. Individual Income Tax Return, state "Do not request a deposit of any part of your refund to an account that is not in your name, such as your tax preparer's account.

10. With respect to requesting that a portion of a federal income tax refund be deposited into one or multiple accounts, the instructions for the 2013 IRS Form 8888, Allocation of Refund, state "Do not request a deposit of your refund to an account that is not in your name, such as your tax preparer's account."

11. Pursuant to 31 C.F.R. § 10.31 (Effective August 2, 2011), "A practitioner who prepares tax returns may not endorse or otherwise negotiate any check issued to a client by the government in respect of a Federal tax liability."

**FRAUDULENT SCHEME**

12. In the course of the scheme to defraud, defendant KETELAAR prepared, and caused to be prepared, federal and state income tax returns on behalf of clients in order to divert his clients' income tax refunds to himself. The refunds were sent to defendant KETELAAR either by electronic transmission or via checks in the mail. In order to cash certain income tax refund checks, defendant KETELAAR negotiated the checks by many means, including forging, and causing to be forged, the endorsement signatures of some of his clients.

13. Commencing in or about December 2012, defendant KETELAAR established TST, LLC, in Phoenix, Arizona. TST, LLC, offered tax preparation services without requiring payment from clients at the time of preparation, but rather at the time any refund was received. TST, LLC, ("Tio Sam" means "Uncle Sam" in Spanish) focused its marketing within the Spanish speaking community in the Phoenix Metropolitan Area. In order to staff TST, LLC, defendant KETELAAR hired young, Spanish speaking preparers with no income tax preparation experience. Defendant KETELAAR personally trained most of the tax preparers and any remaining preparers were trained by preparers defendant KETELAAR had trained. Defendant KETELAAR instructed his preparers to use TST, LLC's business address as each client's residence address on income tax returns prepared at TST, LLC. This address was 3620 East Thomas Road, Suite 105, Phoenix, Arizona 85018. Defendant KETELAAR reviewed all tax returns prepared at TST, LLC, and was the only person with authority to electronically file ("e-file") TST, LLC's income tax returns on behalf of clients. Prior to filing returns, defendant KETELAAR inserted account numbers for bank accounts defendant KETELAAR controlled on the returns. The insertion of addresses and numbers for accounts controlled by defendant KETELAAR, on lines within income tax returns intended for clients' addresses and bank accounts numbers, ensured that all government notices and refund checks were mailed to TST, LLC, and that all refunds paid by automated clearing house ("ACH") transmissions were deposited into

accounts controlled by defendant KETELAAR and not his clients.

14. Commencing in or about February 2013, and continuing to in or about May 2013, defendant KETELAAR deposited some of his clients' Federal income tax refund checks directly into accounts he controlled and held at JP Morgan Chase Bank, N.A. Because of this conduct, JPMorgan Chase, N.A., closed two accounts held by defendant KETELAAR in or about May 2013.

15. In or about June 2013, defendant KETELAAR personally met with special agents working for Internal Revenue Service – Criminal Investigation and advised them that he was aware that he was not permitted to deposit his clients' Federal income tax refund checks into an account he controlled.

16. Commencing in or about July 2013, defendant KETELAAR initiated the process to open TSCC, LLC. If used correctly, defendant KETELAAR could have used this money service business to allow his clients' to personally cash their tax refund checks. However, defendant KETELAAR used this entity on or about August 14, 2013, to deposit, without authorization or client endorsement, approximately 54 tax refund checks, totaling approximately $127,716.93 in refunds, including: approximately 46 Federal income tax refund checks, totaling approximately $121,193.41; approximately seven State of Arizona income tax refund checks, totaling approximately $480.43; and one State of California income tax refund check, totaling approximately $29.00, into an account he controlled and withheld the majority of the refunds from his clients.

17. Commencing in or about July 2014, defendant KETELAAR initiated the process to open TSDD, LLC. If used correctly, defendant KETELAAR could have used this money service business to allow his clients' to personally cash their tax refund checks. However during this period, if defendant KETELAAR received a physical check at a TST, LLC, location for a client's income tax refund, he regularly would negotiate the check by forging, and causing to be forged, the client's signature and processing the check through a third party service working with TSDD, LLC. The third party service ultimately

deposited the funds into TST, LLC, JPMorgan Chase, N.A., accounts defendant KETELAAR controlled. Defendant KETELAAR regularly kept these refunds and used them to pay for business expenses such as payroll and advertising.

18. In the course of offering tax return preparation services, defendant KETELAAR required his clients, many of whom only spoke Spanish, to sign an IRS Form 2848, Power of Attorney, in furtherance of his scheme to gain access and control over his clients' tax refunds paid either electronically or by check. The form was written solely in English, and was generally provided to clients without explanation or translation, even though a Spanish version of the form was readily available from the IRS. Form 2848 (Revised in March 2012) specifically states under acts authorized: "The representative(s), however, is (are) not authorized to receive or negotiate any amounts paid to the client in connection with this representation (including refunds by either electronic means or paper checks)."

19. During the course of the scheme to defraud, defendant KETELAAR did not keep all of his victim clients' income tax refunds because a relatively small number of them actively complained to the point where defendant KETELAAR could no longer stall them or put them off. In a limited number of instances, defendant KETELAAR was forced to use newly incoming tax refunds of other clients in order to pay the tax refunds of earlier clients. Defendant KETELAAR could not use the earlier victim clients' tax refunds to pay them because he had already spent the funds or used them to keep his tax preparation business operations afloat.

20. As the scheme to defraud progressed, the number of clients complaining about their missing refunds increased to the point where defendant KETELAAR could no longer simply pay the few who complained the loudest. Eventually, defendant KETELAAR's failure to provide his clients with their tax refunds lead to the filing of complaints with the IRS, Phoenix Police Department, Arizona Attorney General's Office, and Arizona Board of Accountancy. In response to this new onslaught of complaints,

defendant KETELAAR began to doctor his billing records to retroactively increase his tax preparation fees to the point where the fees consumed the total amount of the expected income tax refunds. In furtherance of the scheme to defraud, defendant KETELAAR presented some of these doctored invoices in a matter before the Arizona Board of Accountancy.

21. In furtherance of the scheme to defraud, defendant KETELAAR received income tax refunds that he knowingly and intentionally withheld from clients in the amounts of approximately $83,593.35 in or about 2013, and approximately $316,396.15 in or about 2014.

## COUNTS 1-7
## Mail Fraud
## (18 U.S.C. § 1341)

22. The factual allegations in paragraphs 1-21 of the Indictment are incorporated by reference and re-alleged as though fully set forth herein.

23. Beginning at a time unknown to the Grand Jury, but at least as early as on or about December 1, 2012, and continuing to on or about October 31, 2014, in the District of Arizona and elsewhere, defendant KETELAAR knowingly and willfully devised and intended to devise a scheme and artifice to defraud and to obtain money by means of materially false and fraudulent pretenses, representations and promises.

24. On or about the dates listed below, in the District of Arizona and elsewhere, for the purpose of executing and attempting to execute said scheme and artifice to defraud and to obtain money by means of materially false and fraudulent pretenses, representations and promises, defendant KETELAAR placed and caused to be placed in a post office and authorized depository for mail matter, to be sent and delivered by the United States Postal Service, and deposited and caused to be deposited for delivery by the United States Postal Service, the following matters as set forth in the chart below, each such instance being a separate Count of this Indictment:

| Ct | Date Sent - On or About | State Sent From (Carrier) [State Sent to] | Item Sent (Materially False Representations) |
|---|---|---|---|
| 1 | 05/17/13 | Missouri (U.S. Postal Service) [Arizona] | U.S Treasury Tax Refund Check No. Ending in 3783 Payable to MHM for $3,953.00 (To MHM, by using defendant's tax return preparation services MHM could expect to receive a tax refund and MHM would be contacted upon receipt of the refund; and to the IRS, MHM's residential address was TST, LLC's East Thomas Road address) |
| 2 | 05/9/14 | Missouri (U.S. Postal Service) [Arizona] | U.S Treasury Tax Refund Check No. Ending in 0440 Payable to AGC for $3,190.56 (To AGC, by using defendant's tax return preparation services AGC could expect to receive a tax refund; to the IRS, AGC's residential address was TST, LLC's East Thomas Road address; and to EFT, Inc., AGC signed the back of the refund check.) |
| 3 | 05/23/14 | Missouri (U.S. Postal Service) [Arizona] | U.S Treasury Tax Refund Check No. Ending in 1608 Payable to ERL for $1,000.00 (To ERL, by using defendant's tax return preparation services ERL could expect to receive a tax refund, it was better to have the refund check mailed to defendant's business and ERL would be contacted upon receipt of the tax refund; to the IRS, ERL's residential address was TST, LLC's East Thomas Road address; and to EFT, Inc., ERL signed the back of the refund check.) |

| | | | |
|---|---|---|---|
| 4 | 06/06/14 | Missouri (U.S. Postal Service) [Arizona] | U.S Treasury Tax Refund Check No. Ending in 3079 Payable to AGC for $2,850.21 (To AGC, by using defendant's tax return preparation services AGC could expect to receive a tax refund; to the IRS, AGC's residential address was TST, LLC's East Thomas Road address; and to EFT, Inc., AGC signed the back of the refund check.) |
| 5 | 06/13/14 | Missouri (U.S. Postal Service) [Arizona] | U.S Treasury Tax Refund Check No. Ending in 2045 Payable to AGC for $3,808.22 (To AGC, by using defendant's tax return preparation services AGC could expect to receive a tax refund; to the IRS, AGC's residential address was TST, LLC's East Thomas Road address; and to EFT, Inc., AGC signed the back of the refund check.) |
| 6 | 07/07/14 | Missouri (U.S. Postal Service) [Arizona] | U.S Treasury Tax Refund Check No. Ending in 9205 Payable to JC for $2,038.00 (To JC, by using defendant's tax return preparation services JC could expect to receive a tax refund, the residential address originally listed on JC's tax return had to be amended to reflect the address of defendant's place of business and JC would be contacted upon receipt of the refund; to the IRS, JC's residential address was TST, LLC's East Thomas Road address; and to EFT, Inc., JC signed the back of the refund check.) |

| 7 | 07/25/14 | Missouri (U.S. Postal Service) [Arizona] | U.S Treasury Tax Refund Check No. Ending in 3113 Payable to AVC for 2,000.00 (To AVC, by using defendant's tax return preparation services AVC could expect to receive a tax refund less a $200 preparation fee; to the IRS, AVC's residential address was TST, LLC's East Thomas Road address; and to EFT, Inc., AVC signed the back of the refund check.) |

In violation of Title 18, United States Code, Section 1341.

## COUNTS 8-13
### Aggravated Identity Theft
### (18 U.S.C. § 1028A)

25.     The factual allegations in paragraphs 1-24 of the Indictment are incorporated by reference and re-alleged as though fully set forth herein.

26.     On or about the dates listed below, in the District of Arizona and elsewhere, defendant KETELAAR, along with others known and unknown to the Grand Jury, did knowingly possess and use, without lawful authority, means of identification of other persons, in this case each person's name in the form of a forged endorsement on a United States Treasury Tax Refund Check, during and in relation to the felony offense of Mail Fraud in violation of Title 18, United States Code, Section 1341, as follows:

| Count | Date Refund Check Presented for Payment – On or About | Name of Victim Used to Forge an Endorsement Signature | Means of Identification Knowingly Used During and in Relation to the Felony Offense of Mail Fraud as Alleged in Respective Counts of this Indictment |
|---|---|---|---|

| | | | |
|---|---|---|---|
| 8 | 06/04/14 | AGC | AGC's forged endorsement signature was placed on the backside of U.S Treasury Tax Refund Check No. Ending in 0440, Made Payable to AGC for $3,190.56, during and in relation to the Felony Offense of Mail Fraud Alleged in Count 2 of this Indictment |
| 9 | 05/28/14 | ERL | ERL's forged endorsement signature was placed on the backside of U.S Treasury Tax Refund Check No. Ending in 1608, Made Payable to ERL for $1,000.00, during and in relation to the Felony Offense of Mail Fraud Alleged in Count 3 of this Indictment |
| 10 | 06/12/14 | AGC | AGC's forged endorsement signature was placed on the backside of U.S Treasury Tax Refund Check No. Ending in 3079, Made Payable to AGC for $2,850.21, during and in relation to the Felony Offense of Mail Fraud Alleged in Count 4 of this Indictment |
| 11 | 06/20/14 | AGC | AGC's forged endorsement signature was placed on the backside of U.S Treasury Tax Refund Check No. Ending in 2045, Made Payable to AGC for $3,808.22, during and in relation to the Felony Offense of Mail Fraud Alleged in Count 5 of this Indictment |
| 12 | 07/11/14 | JC | JC's forged endorsement signature was placed on the backside of U.S Treasury Tax Refund Check No. Ending in 9205, Made Payable to JC for $2,038.00, during and in relation to the Felony Offense of Mail Fraud Alleged in Count 6 of this Indictment |

| 13 | 07/29/14 | AVC | AVC's forged endorsement signature was placed on the backside of U.S Treasury Tax Refund Check No. Ending in 3113, Made Payable to AVC for $2,000.00, during and in relation to the Felony Offense of Mail Fraud Alleged in Count 6 of this Indictment |

In violation of Title 18, United States Code, Section 1028A.

### COUNTS 14-24
### Wire Fraud
### (18 U.S.C. § 1343)

27. The factual allegations contained in paragraphs 1 - 26 of this indictment are incorporated by reference and re-alleged as if fully set forth herein.

28. Beginning at a time unknown to the Grand Jury, but at least by on or about December 1, 2012, and continuing through on or about October 31, 2014, in the District of Arizona and elsewhere, defendant KETELAAR did knowingly and willfully devise and intend to devise a scheme and artifice to defraud and to obtain money by means of materially false and fraudulent pretenses, representations and promises.

29. On or about the dates listed below, in the District of Arizona, for the purpose of executing the subject scheme and artifice to defraud and to obtain money by means of materially false and fraudulent pretenses, representations and promises, defendant KETELAAR did knowingly transmit and cause to be transmitted, by means of wire and radio communications in interstate commerce, certain writings, pictures, signals and sounds, i.e., United States Department of the Treasury, Financial Management Service, bulk electronic payment instructions for tax refunds interstate from the Kansas City Regional Operation Center, located in Kansas City, Missouri, to the Federal Reserve Bank located in East Rutherford, New Jersey, as set forth in the chart below, each instance being a separate Count of this Indictment:

| Ct | Date of Transfer – On or About | Taxpayer (SSN) [Total Amount of Refund] | Resulting Deposits (Refund Deposit into Chase Account No. Ending in 2515) [Refund Deposit Into Chase Account No. Ending in 1515] | Materially False Representations |
|---|---|---|---|---|
| 14 | 03/18/14 | GR (XXX-XX-8823) [$6,952.00] | ($6,424.00) [$528.00] | To GR, by using defendant's tax return preparation services GR could expect to receive a tax refund without a tax preparation fee and GR's refund could not be paid via direct deposit; to the IRS, GR's residential address was TST, LLC's East Thomas Road address and Chase Accounts for direct deposit XXXXX1515 and XXXXX2515 were GR's Accounts |
| 15 | 03/19/14 | MS (XXX-XX-0288) [$4,241.00] | ($3,778.00) [$463.00] | To MS, by using defendant's tax return preparation services MS could expect to receive a tax refund without a tax preparation fee; to the IRS, MS's residential address was TST, LLC's East Thomas Road address and Chase Accounts for direct deposit XXXXX1515 and XXXXX2515 were MS's Accounts |

| 16 | 03/19/14 | KB (XXX-XX-8792) [$3,860.00.] | ($3,495.00) [$365.00] | To the IRS, KB's residential address was TST, LLC's East Thomas Road address and Chase Accounts for direct deposit XXXXX1515 and XXXXX2515 were KB's Accounts |
| --- | --- | --- | --- | --- |
| 17 | 04/02/14 | ATD (XXX-XX-1406) [$7,026.00] | ($6,325.00) [$701.00] | To the IRS, ATD's residential address was TST, LLC's East Thomas Road address and Chase Accounts for direct deposit XXXXX1515 and XXXXX2515 were ATD's Accounts |
| 18 | 04/23/14 | JR (XXX-XX-7333) [$4,304.00] | ($4,286.00) ($18.00) | To the IRS, JR's residential address was TST, LLC's East Thomas Road address and Chase Accounts for direct deposit XXXXX1515 and XXXXX2515 were JR's Accounts |
| 19 | 05/01/14 | LA (XXX-XX-7513) [$7,322.00] | ($6,305.00) [$1,017.00] | To the IRS, LA's residential address was TST, LLC's East Thomas Road address and Chase Accounts for direct deposit XXXXX1515 and XXXXX2515 were LA's Accounts |
| 20 | 05/01/14 | BG (XXX-XX-1202) [$8,751.00] | ($7,711.00) [$1,040.00] | To the IRS, BG's residential address was TST, LLC's East Thomas Road address and Chase Accounts for direct deposit XXXXX1515 and XXXXX2515 were BG's Accounts |

| | | | | |
|---|---|---|---|---|
| 21 | 05/06/14 | ERR (XXX-XX-7571) [$4,982] | ($4,413.00) [$569.00] | To the IRS, ERR's residential address was TST, LLC's East Thomas Road address and Chase Accounts for direct deposit XXXXX1515 and XXXXX2515 were ERR's Accounts |
| 22 | 05/07/14 | CU (XXX-XX-5063) [$8,056.00] | ($6,957.00) [$1,099.00] | To the IRS, CU's residential address was TST, LLC's East Thomas Road address and Chase Accounts for direct deposit XXXXX1515 and XXXXX2515 were CU's Accounts |
| 23 | 05/14/14 | AAF (XXX-XX-3254) [$1,270.00] | ($1,262.00) [$8.00] | To the IRS, AAF's residential address was TST, LLC's East Thomas Road address and Chase Accounts for direct deposit XXXXX1515 and XXXXX2515 were AAF's Accounts |
| 24 | 05/29/14 | JM (XXX-XX-0592) [$6,185.00] | ($5,307.00) [$878.00] | To the IRS, JM's residential address was TST, LLC's East Thomas Road address and Chase Accounts for direct deposit XXXXX1515 and XXXXX2515 were JM's Accounts |

/
/
/
/
/

In violation of Title 18, United States Code, Section 1343.

A TRUE BILL

/S/

FOREPERSON OF THE GRAND JURY
Date: July 18, 2017

ELIZABETH A. STRANGE
Acting United States Attorney
District of Arizona

/S/

FREDERICK A. BATTISTA
Assistant U.S. Attorney